## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 14-00291-CG** |
| | ) | |
| KIMBERLY SMITH HASTIE, | ) | |
| RAMONA MCARDLE YEAGER, and | ) | |
| JOHN MELVIN HASTIE JR. | ) | |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF DR. SEMOON CHANG

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and files this motion in limine to exclude expert testimony from Dr. Semoon Chang at trial.

## Background

Defendant Kimberly Smith Hastie is one of three defendants in an eighteen-count superseding indictment. Doc. 45. She is charged with conspiracy (Count 1), wire fraud (Counts 2-6), mail fraud (Counts 7-9), Hobbs Act extortion under color of official right (Counts 10-15), false statement to a federal agency (Count 16), prohibited release and use of personal information from state motor vehicle records (Count 17), and conspiracy to defraud the United States (Count 18). Id. Hastie publicly lobbied to merge the offices of the License and Revenue Commissions and to serve "as Revenue Commissioner in a merged License / Revenue Commission." Doc. 45 at ¶ 18. The merger never occurred. At a press conference on November 26, 2014, Hastie's defense counsel cited a study by economist Dr. Semoon Chang that purported to show the benefits of merging the two offices. On February 25, 2015, the United

States received reciprocal discovery from Hastie that included an unpublished study prepared in October 2014 by Dr. Chang entitled "Benefits and Costs of Merging the License Commission into the Revenue Commission in Mobile County." Prepared for the License Commission, the study concludes that "[a] reduction of one million dollars is an achievable goal after the License Commission is merged into the Revenue Commission." On February 27, 2015, Hastie notified the United States that she intended to qualify Dr. Chang as an expert witness.

## Discussion

The United States anticipates that Hastie seeks Dr. Chang's expert testimony to show that the merger was economically beneficial for Mobile County. Such testimony should be excluded per Rules 401 and 403 of the Federal Rules of Evidence.

### A.      Rule 401

Rule 401 states the test for relevant evidence: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Regarding the second prong of the test, the Eleventh Circuit has observed:

> Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation … The governing hypothesis of any criminal prosecution consists of the elements of the offenses charged and the relevant defenses (if any) raised to defeat criminal liability.

United States v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981).

Dr. Chang's expert testimony would not go to a fact of consequence in determining the action in Hastie's case. The overarching theme of the case is that Hastie abused her position of office as License Commissioner for Mobile County for personal benefit and gain. The

2

superseding indictment gives examples of Hastie's misuse of government property and services, mistreatment of county employees, false public financial disclosures, and so forth.  None of these points are addressed by Dr. Chang's unpublished report.  Whether a merger is (or would be) beneficial for Mobile County (fiscally, administratively, economically, etc.) is simply not a matter that is in issue.  Dr. Chang's testimony would not tend to make more or less probable any element of any charged offense, such as conspiracy to commit mail and wire fraud.[1]  Whether the merger was a good economic idea does not make proof of Hastie's alleged intent to defraud more or less probable.  Evidence of good conduct is not admissible to negate criminal intent. United States v. Camejo, 929 F.2d 610, 613 (11th Cir. 1991).  Dr. Chang's testimony would not concern issues of credibility of any witness.  Cf. United States v. Abel, 469 U.S. 45, 51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony").  Dr. Chang has no knowledge of any issues that are necessary to rendering a verdict. His testimony would not strengthen any defenses that Hastie may legally raise to defeat criminal liability.  The references to the merger in the superseding indictment do not improve any relevancy argument concerning Dr. Chang's testimony.  Since his views have zero bearing on the resolution of the case, his testimony would not be relevant per Rule 401.

---

[1] The offenses of mail and wire fraud "require that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or causes the use of the mails or wires for the purpose of executing the scheme or artifice." United States v. Bradley, 644 F.3d 1213, 1238 (11th Cir. 2011) (quotation marks omitted).  "Proof of intent to defraud is necessary to support convictions for mail and wire fraud." Id. at 1239.  To obtain a conviction for conspiracy to commit mail and wire fraud, the government must prove that the defendant "knew of and willfully joined in the unlawful scheme to defraud." United States v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009).

**B.      Rule 403**

Rule 403 states:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The purpose of Rule 403 is "limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."   United States v. King, 713 F.2d 627, 631 (11th Cir. 1983) (quotation omitted).  If permitted to testify, Dr. Chang's testimony would be unfairly prejudicial and have very limited probative value.

The United States proffers the following evidence to underscore two points.  First, Dr. Chang's testimony (if permitted) would be based on pure speculation because Hastie's merger bill never passed and never became law in Alabama.  Dr. Chang's testimony about the merger would only be that it could potentially save Mobile County taxpayers approximately $1 million. Such a conclusion is, of course, very different from stating that the merger has saved Mobile County taxpayers approximately $1 million.  Asking a jury to sift through conjecture would waste time and be misleading.

Second, Dr. Chang's study is biased and unpublished.  The study was not commissioned or authorized by the Mobile County Commission.  In fact, the County Commission had no knowledge of the study until after Hastie had been indicted.  Hastie commissioned the study. She and her agents provided edits to Dr. Chang regarding the study, and he gave his results directly to Hastie.  The study was not an independent, thorough review of the subject of combining the offices of the License and Revenue Commissions.  The study was produced

4

surreptitiously and contains few citations.  In addition, Hastie never compensated Dr. Chang for his research despite their payment-for-services oral contract (since the County Commission had no role in the production of the study, the county also never paid Dr. Chang for his work).  In short, the jury should not have to hear expert testimony on a matter that is not tethered to well-researched, independent, transparent, academic mooring.  Dr. Chang's study has none of these qualities.  The United States disputes every material aspect of the study (e.g., its findings, methodology, etc.).

However, the United States need not have to challenge Dr. Chang's research or his bona fides.  The reason why is straightforward:  even assuming arguendo that Hastie succeeds in qualifying Dr. Chang as an expert and that he was 100% correct about the merger's potential benefits (e.g., improved economies of scale, more efficient use of county resources, financial savings, etc.), his being right adds no probative value to determining whether Hastie is guilty of the alleged offenses.  Put another way, even if Hastie's plan to merge the offices could save Mobile County taxpayers $1 million, that fact has no relevance to Hastie's alleged acts of falsifying invoices, intimidating county employees, unlawfully disclosing personal information, filing false tax returns, and so forth.

Dr. Chang's testimony would mislead the jury and would be highly prejudicial.  Such evidence would create a jury nullification argument along the following lines:  "Hastie lobbied for the merger.  Dr. Chang said the merger was a good idea for Mobile County.  Therefore, Hastie is a good person and she is not guilty."  The Eleventh Circuit "has repeatedly disapproved of jury nullification" and prohibits "impermissible arguments."  United States v. Joseph, 567 F. App'x 844, 849 (11th Cir. 2014).  The jury should not be asked to decide if the merger was a

good idea.  Rather, the jury should be charged with deciding whether Hastie engaged in criminal activity.  Should Dr. Chang be allowed to testify, his guesswork testimony would confuse the jury.  Hastie's trial should not descend into a mini-trial about the merits of her merger plan. Hastie is soliciting Dr. Chang's testimony in an attempt to use good conduct evidence to improperly bolster her credibility before the jury.  She is seeking to rely upon self-serving testimony that is inherently hearsay and speculative.  Dr. Chang's testimony should be barred per Rule 403.

### Conclusion

For the aforementioned reasons, the United States respectfully asks the Court to grant the United States' motion in limine to exclude trial testimony from Dr. Semoon Chang.

Respectfully submitted on March 2, 2015.

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: */s/ GREGORY A. BORDENKIRCHER*
Gregory A. Bordenkircher (BORDG3301)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

By: */s/ SINAN KALAYOGLU*
Sinan Kalayoglu (kalas9469)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

/s/ GREGORY A. BORDENKIRCHER
Gregory A. Bordenkircher
Assistant United States Attorney


/s/ SINAN KALAYOGLU
Sinan Kalayoglu
Assistant United States Attorney