+**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 14-00291-CG |
| | ) |
| **KIMBERLY SMITH HASTIE and** | ) |
| **RAMONA MCARDLE YEAGER** | ) |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE EXTRINSIC EVIDENCE OF STATUTORILY-REGULATED DISBURSEMENTS MADE BY LICENSE COMMISSION

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and files this motion in limine to exclude at trial extrinsic evidence which the defendants may attempt to rely upon as good character evidence, namely, statutorily-regulated disbursements of government proceeds by the Mobile County License Commission.

In reciprocal discovery, the United States received schedules of receipts and disbursements for multiple fiscal years regarding the License Commission. Among other things, these schedules outline funds disbursed by the License Commission to various entities within Alabama, Mobile County, and municipalities, such as schools, fire districts, and hospitals. Based on these schedules, the United States believes the defendants may seek to introduce evidence of such disbursements to prove good acts taken by the defendants and to thus bolster their credibility before the jury.

Ala. Code § 40-12-240 et seq. provides for registration fees and license taxes for motor vehicles. Ala. Code § 40-12-270 outlines the distribution of the net proceeds, a portion of which

are allocated to counties such as Mobile County.[1]  The Code of Alabama outlines how these tax proceeds are to be used by counties.  See Ala. Code § 40-12-270.  The License Commissioner has no discretion in the apportionment or allocation of these proceeds; such disbursements are controlled by state statute.  As for county funds in general, they are entrusted to a county treasurer and are released upon the authorization of warrants signed by the proper county official (typically the county commission chairperson) in accordance with rules created by the county commission.  See Ala. Code §§ 11-4-48, 11-8-9 and 11-8-10.  Counties in Alabama have no inherent authority to spend public monies.  Counties may appropriate funds only for purposes required or authorized by law.

The superseding indictment encompasses issues concerning Mobile County governance.  Thus, the jury will benefit from a discussion of the responsibilities of the County Commission, License Commission, License Commissioner, and Deputy License Commissioner.  In connection with charged offenses such as Count 1, the jury will likely hear testimony about the county budget and finances.  However, extrinsic evidence of disbursements by the License Commission of proceeds regulated completely by statute in furtherance of good character evidence is not relevant to a fact of consequence at trial and would be improper bolstering evidence.  Extrinsic evidence on such matters could also mislead or confuse the jury, since neither the License Commissioner nor her deputy has the authority to determine the disbursement of government proceeds whose disbursement is regulated by statute.  Accordingly, the defendants should be

---

[1] Typically, a probate judge is the county's licensing officer responsible for disbursing the proceeds.  Ala. Code § 40-12-21.  Where the office of license commissioner has been established, such as Mobile County, the license commissioner performs the licensing function duties required by law of the probate judge.

prohibited from introducing extrinsic evidence of these disbursements at trial for the purpose of presenting good character evidence.

## Conclusion

For the aforementioned reasons, the United States respectfully moves that this Court grant the United States' motion in limine to exclude at trial extrinsic evidence which the defendants may attempt to rely upon as good character evidence, namely, statutorily-regulated disbursements of government proceeds by the License Commission.

Respectfully submitted on April 7, 2015.

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: */s/ GREGORY A. BORDENKIRCHER*
Gregory A. Bordenkircher (BORDG3301)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

By: */s/ SINAN KALAYOGLU*
Sinan Kalayoglu (kalas9469)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

      */s/ GREGORY A. BORDENKIRCHER*
      Gregory A. Bordenkircher
      Assistant United States Attorney


      */s/ SINAN KALAYOGLU*
      Sinan Kalayoglu
      Assistant United States Attorney

4