# OFFICE OF THE ATTORNEY GENERAL



96-00034

**JEFF SESSIONS**
ATTORNEY GENERAL
STATE OF ALABAMA

**NOV - 6 1995**

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130
AREA (334) 242-7300

Honorable Bobby L. Crowder
Mayor, City of Valley
P. O. Box 186
Valley , Alabama  36854

> Municipalities - Charitable
> Organizations - Funds -
> Public Purpose - Nonprofit
> Corporations
>
> Public funds may only be
> expended for public purposes
> consistent with the goals,
> duties, and authority of
> the public body.

Dear Mayor Crowder:

This opinion is issued in response to your request for an opinion of the Attorney General.

## Question

Does Section 94 of the Alabama Constitution of 1901, as amended, or any other applicable provision of law prohibit a city from contributing property or making a financial donation to the Chattahoochee Valley Area Association for Retarded Children, a private, nonprofit corporation?

## Facts and Analysis

The Chattahoochee Valley Area Association for Retarded Children is located in the City of Valley where it operates

Honorable Bobby L. Crowder
Page 2

a school for retarded children from the Valley area.  The
Association is a private, nonprofit corporation incorporated
under the statutes now codified as Code of Alabama 1975,
§10-3A-1, et seq.  According to the City Manager, the City
would like to donate approximately 10 acres to the Associa-
tion for future expansion of the school.

Historically, there is a strong public policy against
the granting of public funds to private groups or corpora-
tions, whether for profit or not.  This public policy is
articulated in Sections 93 and 94 of the Constitution of
Alabama of 1901.  Section 94, as amended by Amendment No.
112, applicable to counties and municipalities, prohibits
the legislature from authorizing any county or municipality
of the state to "grant public money or thing of value in
aid of, or to any individual, association or corporation,
whatsoever."

The language of Sections 93 and 94 has been interpreted
by the Supreme Court of Alabama to allow the appropriation
of public funds to such groups only when the appropriation
is for a public purpose.  Board of Revenue & Road Commis-
sioners of Mobile County v. Puckett, 227 Ala. 374, 149 So.
850 (1933); Opinion of the Justices No. 269, 384 So.2d 1051
(Ala. 1980); Opinion of the Justices No. 261, 373 So.2d 290
(Ala. 1979).  The most recent consideration of the appro-
priateness of the granting of public funds to a private
group, association, or corporation is found in Slawson and
Furman v. Alabama Forestry Commission, et al., 631 So.2d
953 (Ala. 1994).  At issue was the use of the resources of
the Alabama Forestry Commission to support various non-
profit organizations.

The Alabama Supreme Court in Slawson considered the
nature of the requirement of a public purpose for the grant-
ing of the funds to the private entities.  The Court stated:

> "In Opinion of the Justices No. 269, 384
> So. 2d 1051, this Court was asked whether
> the appropriation of state funds to non-
> state agencies and organizations was for
> a 'public purpose' and, thus, did not vio-
> late §§ 93 and 94 of our constitution, as
> interpreted by Puckett, supra.  Although
> we were unable to give an advisory opinion
> because the question asked presented a
> mixed question of law and fact, we did

Honorable Bobby L. Crowder
Page 3

provide guidelines as to what constituted
a 'public purpose.' Quoting <u>Clifford v.
City of Cheyenne</u>, 487 P.2d 1325, 1329
(Wyo. 1971), we stated that generally
speaking, a public purpose 'has for its
objective the promotion of public health,
safety, morals, security, prosperity,
contentment, the general welfare of the
community.' 384 So.2d at 1053 (citations
omitted).

> "The paramount test should be
> whether the expenditure confers a
> direct public benefit of a reason-
> ably general character, that is to
> say, to a significant part of the
> public, as distinguished from a
> remote and theoretical benefit
> . . . . The trend among the modern
> courts is to give the term 'public
> purpose' a broad expansive defini-
> tion."

Id. "The question of whether or not an
appropriation was for a public purpose
[is] largely within the legislative
domain rather than within the domain of
the courts." Id. at 1052; <u>Opinions of
the Justices No. 261</u>, 373 So. 2d 290;
Puckett, supra.

> "The Legislature has to a great
> extent the right to determine the
> question, and its determination is
> conclusive when it does not clearly
> appear to be wrong, assuming that we
> have a right to differ with them in
> their finding. . . . Taken on its
> face, it is our duty to assume that
> the Legislature acted within consti-
> tutional limits and did not make a
> donation, when such construction is
> not inconsistent with the recitals
> of the act."

"Our earlier decisions deferred to the
legislature's determination that the

Honorable Bobby L. Crowder
Page 4

appropriations were for a public purpose. The trial court, in its summary judgement order, relied on these decisions in giving deference to the Commission's determination, 'absent compelling evidence to the contrary,' that its support of Stewards was 'for a public purpose in a broad, general sense.' The trial court found that Slawson and Furman did not meet their burden of proving that the Commission's support of Stewards was 'clearly wrong, illegal, or unconstitutional.'"

The Supreme Court in <u>Slawson</u> affirmed the granting of the summary judgement by the trial court upon the issue of public purpose based upon the determination by the Forestry Commission that the expenditure was for a public purpose consistent with the goals and authority of the Forestry Commission. Before the City of Valley may lease or convey property or public funds to the Chattahoochee Valley Area Association for Retarded Children, the City must first determine whether such expenditure is for a public purpose consistent with the goals, duties and authority of the City of Valley.

In view of the strong historical public policy against grants to private groups, the Attorney General encourages the City of Valley to consider measures to ensure the property or funds donated are used for their intended public purpose. In the case of an expenditure of funds, the City could consider a contract with the Association that provides for a <u>quid pro quo</u> and memorializes the benefits to be conferred upon the public as consideration for the use of public funds. In the case of real property, the City might consider a long-term lease or a reversionary clause in a deed so that the City would regain the property if the Association fails to use it for its intended purpose.

## Conclusion

The City of Valley may expend public funds or convey property to the Chattahoochee Valley Area Association for Retarded Children if the City finds that such donation serves a valid public purpose beneficial to the citizens of

Honorable Bobby L. Crowder
Page 5

the City of Valley and consistent with the goals, duties
and authority of the City.

I hope that I have satisfactorily answered your
question. If you have any further questions about this
matter, please call Jack W. Wallace, Jr., Assistant
Attorney General, Department of Examiners of Public
Accounts.

Sincerely,

JEFF SESSIONS
Attorney General
by:

JAMES R. SOLOMON, JR.
Chief, Opinions Division

JS/JWW
C10.95/OP