IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-00291-CG-N |
| | ) | |
| KIMBERLY SMITH HASTIE, | ) | |
| and RAMONA MCARDLE YEAGER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter was brought to the Court's attention by counsel for Defendant Yeager's hand delivery to the court on April 16, 2015, of "documents" subpoenaed by Yeager pursuant to a Rule 17(c)(1). Yeager filed a motion for subpoena duces tecum (Doc. 108). The Magistrate Judge endorsed Defendant's motion granted, but did not address the merits of the motion in the endorsed order. (Doc. 112).[1] The Court takes this opportunity to address the merits of Defendant's motion, and for the reasons set forth below, finds that it is due to be denied without prejudice.

In her motion, Defendant Yeager asked the Court "to enter an Order directing the issuance of the attached subpoena pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure." (Doc. 108, p. 1). The subpoena requests "any and all electronic data in the following email addresses, from the period of July

---

[1] Federal Rules of Criminal Procedure, Rule 59(a), provides a "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense."

2012 to February 25, 2015. Victor.crawford@mobilecountylc.com; brad.bray@mobilecountylc.com; shirley.byrd-wade@mobilecountylc.com." (Doc. 108, p. 4). Defendant argues "within the business records of Victor Crawford, Brad Bray who works directly under Crawford, and Shirley Byrd-Wade, who Defendant Yeager is informed and believes is a friend and confidant of Crawford, will contain information that would a.) refute any contention that there was over the period from July 2012 until May 2015 a[n] 'environment of intimidation at the office' or b.) that Crawford and other License Commission employees were repeatedly threatened with termination of employment if the employee did not engage in alleged criminal conduct." (Doc. 108, p. 2). Defendant further states she "believes that there would be exculpatory information refuting" the Government's contentions in the requested e-mails. (Doc. 108, p. 2).

Defendant filed her motion pursuant to Federal Rule of Criminal Procedure, Rule 17(c)(1). (Doc. 108, p. 1). Rule 17(c) concerns the production of documentary evidence before trial. A party seeking a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699-700 (1974). In order to carry this burden, the moving party must clear three hurdles: (1) relevancy; (2) admissibility; (3)

2

specificity. Id. at 700.

Defendant has not satisfied her burden under Nixon. A request for "any and all data" associated with certain e-mail addresses for a period of nearly three years based on a belief that the files may include exculpatory information does not satisfy the specificity criterion. As a general rule, requests for "any and all documents" are emblematic of a fishing expedition, which is impermissible under Rule 17. Bowman Dairy Co. v. United States, 341 U.S. 214, 220–21 (1951); see also United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) ("requests for an entire file are evidence of an impermissible fishing expedition"). Similarly, a Rule 17(c) subpoena cannot properly be issued upon a "belief" or "mere hope" of finding relevant and admissible information. United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996) (citations omitted). Apart from limiting her request to a roughly three-year timeframe, Defendant does not allege with any specificity what she is looking for in these records. It appears she is simply hoping to find something useful. This does not comport with the Rule 17(c) requirements set forth in Nixon.

Furthermore, it seems Defendant is seeking to improperly use Rule 17(c) for discovery. Rule 17(c) may not displace the role of Rule 16 in circumscribing limited discovery in criminal cases. Bowman Dairy Co., 341 U.S. at 220 (1951). "Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge." United States v. Tokash, 282 F.3d 962, 971 (7th Cir. 2002); see also United States v. Marcello, 423 F.2d 993, 1006 (5th Cir. 1970) (Rule 17(c) is not a discovery device)

(citations omitted). Instead, Rule 17(c) allows only for the gathering of specifically identified documents that a defendant knows to contain relevant evidence to an admissible issue at trial. Tokash, 282 F.3d at 971.

The Court recognizes that it may be impossible for Defendant Yeager to fully describe the information she seeks, but the specificity requirement can be satisfied if she shows there is a "sufficient likelihood" that the documents being sought contain relevant and admissible evidence. Nixon, 418 U.S. at 700. Although "exquisite specificity" is not required, a request for "any and all" data is simply too broad. United States v. Libby, 432 F. Supp. 2d 26, 31 (D.D.C. 2006). A party seeking to use Rule 17(c) must describe with reasonable precision the information that is sought, and Defendant Yeager failed to do so here.

In sum, Defendant Yeager's request for "any and all electronic data" associated with these e-mail addresses is not sufficient for Rule 17(c). Accordingly, the Court concludes the Magistrate Judge improvidently granted Defendant's motion to issue the subpoena. (Doc. 108). Defendant's motion is therefore DENIED without prejudice[2] and the subpoena is hereby quashed.

**DONE and ORDERED** this 21st day of April, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[2] The Court will maintain the records produced pursuant to the subpoena. If the defendant is able to make a request pursuant to motion that complies with Rule 17(c), some or all of those records may be turned over to the defendant prior to trial. If no such request is made, the records will be returned to the Mobile County License Commissioner's Office at the conclusion of the trial.